Shearer, J.
I. In respect to the ruling of the court on the first motion, there was no error. There is no authority for entering a non-suit for the failure of a party to answer interrogatories as fully as his adversary may think he ought to do. „ If the interrogatories are not “ plainly and fully answered,” it would be good practice to move the court to require it to be done; and if the order be not complied with, it may be enforced, in the discretion of the court, by nonsuit or otherwise, as provided by section 5101 of the Revised Statutes.
Nor do we think there is ground for complaint as to the overruling of the second motion. The first branch of this motion is to require the plaintiff to answer more fully; the second for “ nonsuit, judgment by default or by attachment,” which we suppose was intended as an application to enforce answers by the means named.
Section 5101 Revised Statutes, provides that “answers may be enforced by nonsuit, judgment by default, or by attachment, as the justice of the case may require.” We do not think this provision entitles a party, as of right, to such a remedy. The power to enforce compliance with the requirements of section 5099 Revised Statutes, is discretionary, and a judgment will not be reversed for the refusal of the court to exercise that power.
II. The principal reliance of the plaintiff in error for a reversal is upon the action of the court below in rendering judgment without the intervention of a jury, that mode of trial not having been waived.
The pleadings present issues of fact. Such issues arising in actions for the recovery of money only, must be tried by a jury, unless a jury trial be waived or a reference be ordered. Revised Statutes, section 5130.
In actions arising upon contract, the trial by jury may be waived, (1), by the consent of the party appearing, when the other party fails to appear at the trial himself or attorney; (2), by written consent, in person or by attorney, filed with the clerk ; (3), by oral consent, in open court, entered on the journal.^ ¡¡Revised Statutes, section 5204. In no other way can *311 trial by jury in an action like this be waived, unless it be by estoppel, as, for example, where a party suffers his case to be tried without objection until after the issues are found against him.
Artz & Mooney, for plaintiff in error.
J. T. Holmes, for defendant in error.
The case under consideration was for the recovery of money only, and therefore was triable by jury. Revised Statutes, section 5130. Trial by such tribunal, as we have seen, can only be waived in the manner prescribed by section 5204 of the Revised Statutes, or by conduct of the party amounting to a waiver by estoppel. The record shows that both parties appeared. No written consent, waiving a jury, was filed with the clerk; nor was there oral consent, in open court, to dispense with a jury, entered on the journal. Nor does the record show conduct on the part of the defendant which would estop him to object to trial by the court without a statutory waiver of a jury. Under these circumstances the court had no jurisdiction to try the cause. The fact that no testimony was offered by either party does not alter the case. The defendant was not bound to offer evidence to the court until a jury had been waived.
In Slocum v. Swan’s Lessee, 4, Ohio St. 162, which was an action of ejectment in which issues of fact had been joined, the record showed that “ neither party requiring a jury and the court being fully advised in the premises,” found and adjudged in favor of the plaintiff; Held, The issue could not be tried by the court without a waiver' by the parties of a jury trial, and that there was no such waiver ; and the judgment was reversed.
If the language of the decree in the case just cited was insufficient to show a waiver, we may infer that express and affirmative language is essential to such waiver. In the case under review the record is silent in this regard.
In view of the provisions of the statute and the ruling in Slocum v. Swan’s Lessee, supra, we must hold that the court below erred in trying the case and rendering judgment without a trial by jury having been waived.
Judgment reversed.